UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 22-103-GW-SPx | Date | March 9, 2022 |
|---|---|---|---|
| Title | *Jessica Brown v. Danella Power Services of California, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING MOTION TO REMAND; VACATING HEARING**

    Plaintiffs Jessica Brown and Andrew Brown (collectively, "Plaintiffs") filed a motion to remand in this action, set for hearing on March 17, 2022. Having reviewed the parties' motion papers, the Court denies the motion and vacates that hearing for the reasons set forth below. *See* C.D. Cal. L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

    At the time of removal on January 18, 2022, the parties in this action were completely diverse and there was no remaining "local" defendant. Whether or not defendant William Bennett, Jr., whom Plaintiffs *voluntarily dismissed* without prejudice on September 17, 2021, *see* Docket No. 1-7, is a California citizen, or a "necessary" or "indispensable" party, or was ever served with the Summons and Complaint, is irrelevant to that determination, because he was *not a party to the action at the time of removal*. *See* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2021) ("Phillips & Stevenson"), ¶ 2:2345.1, at 2D-24; *id.* ¶¶ 2:2359-2360, at 2D-26; *id.* ¶ 2:3361, at 2D-167; *id.* ¶ 2:3666, at 2D-214. This is equally true whether or not Plaintiffs intend to add him back into this action, because they have not done so (or sought leave to do so) thus far. *See* 28 U.S.C. § 1447(e); *see also* Phillips & Stevenson ¶¶ 2:3642-3657, at 2D-210 – 213.

    As to the question of the citizenship of the removing-defendant, Danella Power Service of California, Inc. ("Danella"), the information before the Court is sufficient for the Court to credit Danella's assertion that it is a dual-citizen of Delaware and Pennsylvania. In their opening papers, Plaintiffs attempt to avoid this conclusion by way of reliance on a no-longer-applicable test for determining a corporation's principal place of business. *Compare Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) *with Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). In their Reply,

|  | : |  |
|---|---|---|
|  | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 22-103-GW-SPx | Date | March 9, 2022 |
|---|---|---|---|
| Title | *Jessica Brown v. Danella Power Services of California, Inc., et al.* | | |

they attempt to find fault with the evidence Danella provides in support of its position that its principal place of business is in Pennsylvania, but the Court concludes that such evidence (a declaration from Danella's President indicating the location where Danella's corporate board and officers "direct, control, and coordinate Danella's activities," *see* Docket No. 14-1, ¶ 6) is both unobjectionable – and the Court therefore overrules Plaintiffs' objections, *see* Docket No. 18 – and the best evidence the Court has on the point.

      Beyond that, Plaintiffs attempt to draw much from a document – concerning a new office/facility of Danella's in San Bernardino County – that they have proposed for judicial notice, but even assuming it is proper for that purpose – were it forced to decide the point, the Court would conclude it is *not*, at least for establishing the truth of the propositions therein – the key phrase "Known as the Western headquarters to many Danella executives" is poorly-written for present purposes.  It leaves a reader questioning whether it means that "many Danella executives" (whose locations themselves are unknown) *regard* the new office in San Bernardino County as "the Western headquarters" – as an aside, a corporation has only *one* headquarters for principal place of business purposes, not a "Western headquarters" and an "Eastern headquarters" – or whether it means the new office in San Bernardino County is "the Western headquarters" – again, a corporation has only one headquarters for citizenship purposes – because it *hosts* "many Danella executives," with the number and identity of those executives left entirely unclear.  In other words, the sentence's very structure leaves one guessing at its meaning (and thus its impact for citizenship purposes).  In the end, so far as evidence on the point is considered, Plaintiffs have provided the Court with one document that is of both questionable admissibility and decidedly-unclear evidentiary value.

      Plaintiffs are free to take discovery bearing upon Danella's citizenship as this case progresses, if they believe it would be fruitful to do so.  But at this time, the Court sees no reason to question Danella's assertion that it is a citizen of Delaware and Pennsylvania, and given Bennett's non-party status (at least at this time) there was at the time of removal, and remains, complete diversity.

      For these reasons, the motion is denied (along with any request for costs, attorney's fees and/or sanctions), and the hearing set on the motion is vacated.  The Scheduling Conference set for that same day remains on-calendar.

      It is so ordered.

:

Initials of Preparer    JG